IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENLEY MENEFEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-0334 |
| | § | |
| UNIVERSAL MUSIC GROUP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

Henley Menefee sued UMG Recordings, Inc. (incorrectly named as Universal Music Group), Interscope Records, and Quincy Matthew Haney in state court, asserting claims for violations of federal criminal laws. He stated in his complaint that he had "been placed on live television before the United States of America," and that the defendants "have gained financially from products, television shows, intellectual property, marketing, advertising, etc." (Docket Entry No. 2, Ex. A at p. 2). He claimed that the citizens of the United States had viewed him on television and radio; that criminal violations involving him had been discussed on the news, by members of Congress, and by the President of the United States; and that new businesses, products, and companies "have come from [Menefee]" by violating federal laws. (*Id.*).

The defendants removed, (Docket Entry No. 1), and moved to dismiss. (Docket Entry No. 3). Menefee did not respond. The court held an initial conference on March 20, 2015. At that conference, Menefee asked the court to allow him additional time to respond to the motion to dismiss. The court ordered Menefee to file a response to the motion no later than March 30, 2015.

(Docket Entry No. 9). Menefee did not respond to the motion, but instead filed an amended complaint on March 31, 2015. (Docket Entry No. 8). In the amended complaint, Menefee claims that the defendants "have engaged in illegal activity to acquire profits" and "has had his oral communications intercepted and used for the production of musical compositions that have gained profits." (Docket Entry No. 8, p. 2). Menefee alleges that the defendants have illegally intercepted his communications, including "the song Studio, and other songs that have appeared on albums." (*Id.*).

## II.  The Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its

discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### III. Analysis

Menefee's allegations fail to state a claim for relief. Menefee has filed over a dozen cases in this district alleging that he has been unlawfully placed on live television or otherwise had his private life intercepted. Most have been dismissed.[1] On March 24, 2015, Judge Lynn Hughes issued an order barring Menefee from filing other cases in this district without receiving written permission, stating that although "[t]he grounds for [Menefee's] claims vary, [] each complaint is marred with unsubstantiated, unjustifiable legal conclusions." (*Menefee v. Google*, 4:14-cv-3429, Docket Entry No. 14).

This suit, which contains allegations virtually identical to those other judges have found to be frivolous, also fails to state a claim. As multiple judges have stated in their orders dismissing Menefee's claims or denying his requests to file criminal charges, Menefee is a private citizen and cannot pursue claims for violations of criminal laws, including the criminal statutes he relies on here, 18 U.S.C. §§ 2511 & 2520 and §§ 15.02, 16.02, and 71.02 of the Texas Penal Code. Nor may Menefee sue a private person or company for violating the Texas Constitution's prohibition for unreasonable search and seizure. *State v. Comeaux*, 818 S.W.2d 46, 49 (Tex. Crim. App. 1991) ("The United States and Texas constitutional protections against unreasonable search and seizure

---

[1] *See, e.g., Menefee v. Obama*, 4:14-mc-819 (request to file criminal charges denied); *Menefee v. Obama II*, 4:14-mc-1123 (request to file criminal charges denied); *Menefee v. Coca Cola*, 4:14-cv-2547 (dismissed); *Menefee v. Disney*, 4:14-mc-981 (request to proceed IFP denied); *Menefee v. Houston Police Dep't*, 4:14-mc-1711 (request to proceed IFP denied); *Menefee v. Google*, 4:14-cv-3429 (dismissed); *Menefee v. Nike*, 4:15-mc-2022 (request to proceed IFP denied); *Menefee v. Comcast*, 4:14-cv-975 (dismissed); *Menefee v. Universal*, 4:15-cv-271 (remanded to state court); *Menefee v. CBS*, 4:14-mc-969 (dismissed); *Menefee v.*, 4:14-cv-3715 (dismissed); *Menefee v. Roc-A-Fella Records*, 4:14-cv-3494 (dismissed).

apply only when the government conducts the search and/or seizure."); *accord State v. Hardy*, 963 S.W.2d 516, 530 (Tex. Crim. App. 1997). Menefee cannot recover under his pleaded causes of action. The limited facts he has alleged reveal no alternative basis for recovery.

Menefee's claims are dismissed. Given Menefee's continue failure to assert viable claims despite amendment, and his repeated frivolous filings, dismissal is with prejudice. Final judgment is separately entered. Further frivolous filings may result in money sanctions or civil contempt.

SIGNED on April 13, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge